IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ALEX MONTALVO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 4:17-cv-00140-TWP-TAB |
| HOME DEPOT U.S.A., INC., DL | ) |
| PETERSON TRUST, and FRANCESCA | ) |
| KEMPER, | ) |
| | ) |
| Defendants. | |

## THE AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF HOME DEPOT U.S.A., INC. AND DL PETERSON TRUST TO COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW Defendants, HOME DEPOT U.S.A., INC. (singularly "Home Depot") and DL PETERSON TRUST (singularly "DL Peterson") (collectively, "Defendants"), by and through their attorneys, McVey & Parsky, LLC, for their amended answer to Plaintiff ALEX MONTALVO's Complaint for Damages, state as follows:

1. On or about the 13th day of July 2015, in Clark County, Indiana, the Defendant, Francesca Kemper, carelessly and negligently operated a motor vehicle into Plaintiff, Alex Montalvo who was a pedestrian.

**ANSWER:** **Defendants admit that the incident at issue occurred in Clark County, Indiana; Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint for Damages and therefore deny the same.**

2. At the time of this accident, the Defendant, Francesca Kemper was driving a vehicle owned by the Defendants, DL Peterson Trust and/or Home Depot U.S.A., Inc.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint for Damages and therefore deny the same.**

3. At the time of this accident, the Defendant DL Peterson had left the vehicle in the care of the employees and/or agents of the Defendant, Home Depot U.S.A., Inc., to lease to their customers.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint for Damages and therefore deny the same.**

4. The Defendants, Home Depot U.S.A., Inc., and/or DL Peterson Trust, by and through their employees and/or agents, carelessly and negligently entrusted the vehicle to the Defendant, Francesca Kemper.

**ANSWER:** **Defendants deny the allegations of paragraph 4 of the Complaint for Damages.**

5. As a direct and proximate result of the Defendants, Francesca Kemper, the employees and/or agents of the Defendant, DL Peterson Trust and the employees and/or agents of the Defendant, Home Depot U.S.A., Inc., the Plaintiff, Alex Montalvo has sustained personal injuries the effects of which may be permanent and lasting, has incurred hospital, doctor and medical expenses and may continue to incur hospital, doctor and medical expenses in the future, has lost his wage and may continue to lose his wage in the future, has incurred pain and suffering and may continue to incur pain and suffering in the future, all of which damages are in an amount yet uncertain.

**ANSWER:** **Defendants deny the allegations of paragraph 5 of the Complaint for Damages.**

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

Respectfully submitted,

HOME DEPOT U.S.A., INC. and
DL PETERSON TRUST

By:   s/ Eric C. Papier
      Eric C. Papier
      McVey & Parsky, LLC
      30 North LaSalle Street
      Suite 2100
      Chicago, Illinois 60602
      Phone:  312-551-2130
      FAX:    312-551-2131
      E-mail: ecp@mcveyparsky-law.com

## AFFIRMATIVE DEFENSES

COMES NOW Defendants, HOME DEPOT U.S.A., INC. (singularly "Home Depot") and DL PETERSON TRUST (singularly "DL Peterson") (collectively, "Defendants"), by and through their attorneys, McVey & Parsky, LLC, for their amended affirmative defenses to Plaintiff ALEX MONTALVO's Complaint for Damages, state as follows:

### First Affirmative Defense

That as to any rhetorical paragraph not heretofore specifically admitted or denied by a preceding paragraph of this Answer, the same is now hereby specifically denied by this legal paragraph of Answer.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Second Affirmative Defense

That the injuries sustained or suffered by Plaintiff at the time and place and on the occasion mentioned in the Complaint for Damages were proximately caused in whole or in part or were contributed to by the negligence of fault or want of care of Plaintiff, which said

negligence was a proximate cause or contributing cause of Plaintiff's injuries and such injuries were not proximately caused by any negligence, fault, willful conduct or want of care on the part of HOME DEPOT U.S.A., INC. and DL PETERSON TRUST herein.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Third Affirmative Defense

That before and at the time and place of the occurrence complained of in Plaintiff's Complaint for Damages, Plaintiff well knew of all the risks and dangers necessarily incident to the pursuit in which the he was engaged and did well and fully know of all the conditions which existed at the time and before the place of occurrence mentioned herein, and by reason thereof, Plaintiff incurred all of the risks, hazards, and dangers of the mission which were present at the time of the occurrence mentioned in Plaintiff's Complaint for Damages, and any injuries sustained by Plaintiff on the date in question were the result of hazards, risks and dangers which said Plaintiff did voluntarily assume and were known and incurred by Plaintiff at the time and place mentioned in Plaintiff's Complaint for Damages, and by reasons thereof, said Plaintiff is not entitled to recover therein.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Fourth Affirmative Defense

Plaintiff did at the time and place mentioned in Plaintiff's Complaint for Damages, with full and complete knowledge of all known dangers and conditions present thereat, including all

conditions referred to in Plaintiff's Complaint for Damages, voluntarily incur the risk of said dangers and by reason thereof, said Plaintiff cannot recover in this cause of action.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Fifth Affirmative Defense

That the fault of Plaintiff as defined in Ind. Code § 34-6-2-45, which includes Plaintiff's negligence, incurred risk, assumed risk, failure to avoid injury and failure to mitigate damages, is greater than the total fault of the defendant involved, and Plaintiff's action is barred against HOME DEPOT U.S.A., INC. and DL PETERSON TRUST in accordance with Ind. Code § 34-51-2-6.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Sixth Affirmative Defense

That the fault of Plaintiff as defined in Ind. Code § 34-6-2-45, which includes Plaintiff's negligence, incurred risk, assumed risk, failure to avoid injury and failure to mitigate damages, diminishes proportionately the amount to be awarded, if any, as compensatory damages for the alleged injuries in accordance with Ind. Code § 34-51-2-5.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Seventh Affirmative Defense

That the fault of nonparty Francesca Kemper caused or contributed to the damages complained of, thereby barring or reducing any recovery by Plaintiff.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Eighth Affirmative Defense

That the fault of an as-yet unidentified nonparty caused or contributed to the damages complained of, thereby barring or reducing any recovery by Plaintiff.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Ninth Affirmative Defense

That Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Tenth Affirmative Defense

That HOME DEPOT U.S.A., INC. and DL PETERSON TRUST are entitled to a credit or setoff for any or all collateral source payments made to or on behalf of Plaintiff herein.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Eleventh Affirmative Defense

Plaintiff failed to mitigate damages, if any.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Twelfth Affirmative Defense

Any liability attributed to HOME DEPOT U.S.A., INC. and/or DL PETERSON TRUST, which is expressly denied, is limited by the applicable provisions of the Indiana Financial Responsibility Act.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Thirteenth Affirmative Defense

That Plaintiff fails to state a cause of action for relief that can be granted and thus this cause of action should be dismissed pursuant to Trial Rule 12(b)(6).

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Fourteenth Affirmative Defense

That there was no duty owed by HOME DEPOT U.S.A., INC. and DL PETERSON TRUST to Plaintiff at the time and place alleged in Plaintiff's Complaint for Damages.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

### Fifteenth Affirmative Defense

That HOME DEPOT U.S.A., INC. and DL PETERSON TRUST are not liable for acts or omissions of any other defendants under the doctrine of respondeat superior.

WHEREFORE, Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, deny that Plaintiff ALEX MONTALVO is entitled to judgment in any sum whatsoever and prays that this Court dismiss the Complaint for Damages with prejudice and costs.

Respectfully submitted,

HOME DEPOT U.S.A, INC. and
DL PETERSON TRUST

By:   s/ Eric C. Papier
Eric C. Papier
McVey & Parsky, LLC
30 North LaSalle Street
Suite 2100
Chicago, Illinois 60602
Phone: 312-551-2130
FAX:   312-551-2131
E-mail: ecp@mcveyparsky-law.com

### JURY DEMAND

NOW COMES Defendants, HOME DEPOT U.S.A., INC. and DL PETERSON TRUST, by counsel, and demands trial by jury.

Respectfully submitted,

HOME DEPOT U.S.A., INC. and
DL PETERSON TRUST

By:   s/ Eric C. Papier

Eric C. Papier  
McVey & Parsky, LLC  
30 North LaSalle Street  
Suite 2100  
Chicago, Illinois 60602  
Phone: 312-551-2130  
FAX:   312-551-2131  
E-mail: ecp@mcveyparsky-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF and overnight delivery.

Jeffrey Joseph Stesiak, Esq.  
PFEIFER, MORGAN & STESIAK  
53600 N. Ironwood Drive  
South Bend, Indiana 46635

I further certify that a copy of the foregoing document has been duly served upon all persons listed below, by United States mail, first-class postage prepaid, on August 19, 2017:

Francesca Kemper  
1593 Canal Lane  
Georgetown, Indiana 47122

By: s/ Eric C. Papier

McVEY & PARSKY, LLC  
Attorney for Defendant  
30 North LaSalle Street  
Suite 2100  
Chicago, IL  60602  
Tel:  (312) 551-2130  
Fax: (312) 551-2131